# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE ABRAHAM, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| PORTFOLIO RECOVERY | ) **COMPLAINT AND DEMAND FOR** |
| ASSOCIATES, LLC, a wholly-owned | ) **JURY TRIAL** |
| subsidiary of PORTFOLIO | ) |
| RECOVERY ASSOCIATES, INC., | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant | ) |

## COMPLAINT

BONNIE ABRAHAM ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

1

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business in the Commonwealth of Pennsylvania; as such personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Honesdale, Pennsylvania 18431.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    Defendant is a national debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.    Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

12.     The debt, a Citibank credit card debt, arose out of transactions that were primarily for personal, family, or household purposes.

13.     Beginning before June 2011, and continuing through January 2012, Defendant contacted Plaintiff on her home telephone on a repetitive and continuous basis seeking and demanding payment of a consumer debt.

14.     Plaintiff received collection calls from the following number: (407) 347-4021, which the undersigned has confirmed is a telephone number belonging to Defendant.

15.     During the relevant time period, Defendant contacted Plaintiff, on average, two (2) to three (3) times a day, in its attempts to collect a debt.

16.     Defendant's repetitive collection calls over this period was part of a continuous course of conduct to harass Plaintiff.

17.     On numerous occasions when Plaintiff spoke with Defendant's collectors, Plaintiff informed Defendant that she was disabled and was living on a

3

fixed income; therefore, she could not afford to make payments on the debt.

18.     Despite this information, Defendant continued to call and harass Plaintiff.

19.     Additionally, Defendant made numerous threats to Plaintiff in order to scare her into paying the debt.

20.     For instance, Defendant told Plaintiff that she would go to prison if she did not pay the debt and twice threatened to bring legal action against Plaintiff.

21.     To date, Defendant has not brought any legal action against Plaintiff.

22.     Upon information and belief, Defendant did not intend to bring or could not legally take any action against Plaintiff at the time it made that threats.

23.     Moreover, when Defendant threatened Plaintiff that she could go to prison if she did not pay the alleged debt, this not only was a false statement, but legally, in Pennsylvania, a person cannot be sent to prison for failure to pay a debt.

24.     Furthermore, Defendant's collectors used rude and offensive tones during conversations with Plaintiff, often yelling at Plaintiff and demanding that she pay the debt.

25.     During one conversation on January 6, 2012, in response to its demands that she pay the debt, Plaintiff stated that she was on disability and was on a fixed income.  She was only able her necessities, including rent and utilities.

26.     Defendant responded, "Maybe you should go live with your mother."

4

27.     Plaintiff was very offended by this comment and contacted counsel to seek assistance in stopping Defendant's collection calls.

28.     Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of her rights under the FDCPA.

29.     Defendant's actions in attempting to collect this debt were harassing and abusive to Plaintiff.

**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

30.     In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

**COUNT I**

a.  A debt collector violates § 1692d of the FDCPA by engaging in conduct the nature consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.  A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.  Here, Defendant violated §1692d and 1692d(5) of the FDCPA when it yelled at her, used rude and offensive tones when speaking

5

to her, and telling her to go live with her mother when she told them that she could not afford to pay the debt.

d. Also, Defendant violated §§1692d and 1692d(5) of the FDCPA when it caused Plaintiff's phone to ring, multiple times a day and on numerous days a week, with the intent to annoy, abuse, or harass Plaintiff.

## COUNT II

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representation in connection with the collection of any debt

b. A debt collector violates §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken.

c. A debt collector violates §1692e(7) of the FDCPA by falsely representing or implicating that the consumer committed any crime or other conduct in order to disgrace the customer.

d. Here, Defendant violated §§1692e, 1692e(5) and 1692e(7) when it threatened that nonpayment of the debt will result in imprisonment, and threatened to bring legal action against Plaintiff, even though it did not intend or have legal authority to follow through with such

6

threats.

## COUNT IV

a.  Defendant violated § 1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

b.  Here, defendant violated § 1692f by attempting to collect a debt that is well passed Pennsylvania's statute of limitations for credit card debt See 42 Pa. C.S. 5525(a), and by yelling at Plaintiff during telephone conversations, in order to scare Plaintiff into paying the debt.

## COUNT III

a.  A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion

7

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g(a) of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, BONNIE ABRAHAM, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

8

1

## **DEMAND FOR JURY TRIAL**

2

3

PLEASE   TAKE   NOTICE   that   Plaintiff,   BONNIE   ABRAHAM,

demands a jury trial in this case.

4

5

RESPECTFULLY SUBMITTED,

6

7

Date: __07/09/2012__                    By: _/s/ Tara L. Patterson_____

8

Tara L. Patterson
PA Attorney Id. No. 88343

9

30 E. Butler Pike
Ambler, PA 19002

10

Phone: (215) 540-8888 ext. 103
Fax: (877) 788-2864

11

Email: tpatterson@creditlaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25